IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Heather C. Hoffman, | ) | Civil Action No. 9:18-1146-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| P.J. Tanner, Chief Deputy Michael | ) | |
| Hatfield, Staff Sergeant Eric Calendine, | ) | |
| Corporal Andrew Calore, J. Edward Allen, | ) | |
| Stephanie Smart-Gittings, Duffie Stone, | ) | |
| Dr. Susan Erin Presnell, Ms. Catherine E. | ) | |
| Heigel, Jerri Ann Roseneau, AT&T, and | ) | |
| John Does x 20, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 64) recommending that the motion to dismiss by Defendants P.J. Tanner, Michael Hatfield, Staff Sergeant Eric Calendine, Corporal Andrew Calore, J. Edward Allen, and Jerri Ann Roseneau ("Defendants") (Dkt. No. 26) be granted. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Defendants' motion to dismiss.

I.  **Background**

Plaintiff's lawsuit arises out of the 2017 death of her adult daughter, Ashley Paskiewicz ("Paskiewicz"). Plaintiff's Complaint alleges that Defendants were involved in the investigation of Paskiewicz's death, which was ruled suicide by law enforcement, but Plaintiff contends was homicide. Plaintiff alleges that Defendants conspired to fraudulently conceal the true cause of her daughter's death by, for example, failing to properly secure Paskiewicz's personal property, refusing to provide Plaintiff with the name of the medical examiner who conducted the autopsy, posting Paskiewicz's criminal charges on the Beaufort County Judicial Court website, and

refusing to return Paskiewicz's iPhone to Plaintiff. As it relates to these Defendants, Plaintiff brings claims for violation of her constitutional rights by conspiring to abuse their authority through concealing and fabricating the circumstances of Paskiewicz's death; unlawfully searching and seizing Paskiewicz's iPhone, which Plaintiff contends was her own; conspiring to create a false conviction on Paskiwicz's court record; depriving Plaintiff of her constitutional right to "culpable parties" by concealing the true circumstances of Paskiwicz's death; and failing to correct or intervene in these continuing civil rights violations; as well as claiming intentional infliction of emotional distress. Plaintiff seeks injunctive relief in the form of an order for a proper investigation into Paskiewicz's death, an injunction barring Defendants from continuing to display Paskiewicz's criminal records on the Fourteenth Judicial Circuit Court website, and subpoenas issued on all health care providers involved in Paskiewicz's medical care from 2014 to 2017.

## II. Legal Standard

### A. Review of the R & R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. Where there are no objections, the Court need not give any explanation for adopting the Magistrate

Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.     Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Martin Marietta Corp. v. Int'l Telecomms. Satellite Org.*, 991 F.2d 94, 97 (4th Cir. 1992) (quoting *Conley v. Gibson*, 355 U.S. 42, 45-46 (1957)). In so analyzing, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the Plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* Generally, to survive a motion to dismiss, the Complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). Although the requirement of plausibility does not impose a probability requirement at this stage in the litigation, the Complaint must show more than a "sheer possibility that a defendant has

acted unlawfully." *Iqbal*, 556 U.S. at 678. A Complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Defendants' motion to dismiss should be granted. Reviewing Plaintiff's pleadings in a light most favorable to her and applying an appropriately liberal construction for the *pro se* litigant, the Complaint fails to set forth plausible claims against Defendants. The Court further considered Plaintiff's objection to the R & R—that the Magistrate Judge, federal judiciary personnel and Defendants "perpetrate a fraud on the court"—and finds it is without merit. (Dkt. No. 66.)

Defendant Roseneau is the Circuit Court Clerk for Beaufort County.[1] As an initial matter, Defendant Roseneau is entitled to quasi-judicial immunity. *See Martin v. Rush*, No. 13-cv-693, 2013 WL 2285948, at *5 (D.S.C. May 23, 2013) (clerk entitled to quasi-judicial immunity). Moreover, to state a claim pursuant to Section 1983, Plaintiff must demonstrate that her constitutional right was violated by an individual acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, as the Magistrate Judge noted, the Complaint fails to plausibly allege that Plaintiff had a constitutional right to have her daughter's criminal records removed from the judicial website, and that Defendant Roseneau could have done so in her official capacity. *See, e.g., Johnson v. S.C. Dep't of Corrs.*, No. 06-cv-2062, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007) ("Plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation."). The

---

[1] *See* https://www.bcgov.net/departments/Legal-and-Court/clerk-of-courts/index.php (last visited December 21, 2018).

Complaint similarly does not support federal judicial intervention to order expungement of the criminal records and, in any event, it is unclear that any right would belong to Plaintiff rather than to her deceased daughter. *See Meyers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (*pro se* litigant's right to litigate for himself does not create right to litigate on behalf of another); *In re Blackwater Sec. Consulting, LLC*, 460 F.2d 576, 593 (4th Cir. 1976) (noting that injunctive relief "is an extraordinary remedy whose issuance depends upon the discretion of the court"). Accordingly, Plaintiff's claim against Defendant Roseneau is subject to dismissal.

Plaintiff similarly fails to set forth a sufficient claim against Defendants Tanner, Hatfield, Calendine, Calore and Allen, who are members of the Beaufort County Sheriff's Department and state officers. The Eleventh Amendment protects state officers, such as County Sheriffs, acting in their official capacity from suit in federal court. *See, e.g., Cash v. Thomas*, No. 12-cv-1278, 2013 WL 3804375, at *7 (D.S.C. July 19, 2013) ("It is well settled, both in South Carolina and federal law, that a Sheriff in South Carolina is an arm of the State and not a County employee and therefore is entitled to Eleventh Amendment immunity in his or her official capacity from suit in Federal Court."). Although a litigant may seek injunctive relief from continuous federal law violations by a state officer, the Complaint again does not set forth sufficient allegations to raise a plausible claim under Section 1983. *See Lylte v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001) (noting that *Ex parte Young*, 209 U.S. 123 (1908) authorizes "suit against state officers for prospective equitable relief from ongoing violations of federal law"). For example, as the Magistrate Judge noted, Plaintiff does not have a cognizable interest in ordering the investigation or prosecution of another individual for her daughter's death. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Similarly, Plaintiff fails to plead facts sufficient to support that the iPhone found with Paskiewicz's body belonged to Plaintiff such that Plaintiff had a constitutional right

to demand its return from law enforcement. The Complaint is likewise devoid of sufficient facts to establish to the Rule 8 pleading standard that Defendants conspired to abuse their official authority by hiding the true circumstances of and constructing a false narrative for Paskiewicz's death.

In sum, the Magistrate Judge correctly determined that Defendants are entitled to dismissal because Plaintiff's claims are unsupported by factual allegations in the Complaint.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 64) as the Order of the Court and **GRANTS** Defendants' motion to dismiss (Dkt. No. 26).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 26, 2018
Charleston, South Carolina